NATIONAL AUTOMOBILE DEALERS
ASSOCIATION et al., Plaintiffs,

v.

FEDERAL TRADE COMMISSION et
al., Defendants.

Civ. A. No. 76–149.

United States District Court,
M. D. Louisiana.

Sept. 2, 1976.

Herschel C. Adcock, Adcock & Dupree, Baton Rouge, La., Glenn A. Mitchell, Basil J. Mezines, Michael G. Charapp, Stein, Mitchell & Mezines, Washington, D. C., for plaintiffs.

Cheney C. Joseph, Jr., U. S. Atty., Robert S. Leake, Asst. U. S. Atty., Middle District of Louisiana, Baton Rouge, La., Robert J. Lewis, Gen. Counsel, Gerald P. Norton, Deputy Gen. Counsel, Gerald Harwood, Asst. Gen. Counsel, L. Wayne Krug, Mark W. Haase, Attys., Federal Trade Commission, Washington, D. C., for defendants.

E. GORDON WEST, District Judge:

Plaintiffs, the National Automobile Dealers Association, Miller-Terrell Buick, Inc., and Lindsley-Feiber Motor Co., Inc., seek

injunctive relief to restrain the enforcement of a Federal Trade Commission trade regulation promulgated on November 14, 1975, entitled the "Preservation of Consumers' Claims and Defenses" Rule, 16 C.F.R. § 433, also known as the "Seller's Rule." Plaintiffs also seek to reopen administrative proceedings concerning the regulation in order that they may have the benefit of what they believe to be the procedural requirements of the Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, Pub.Law 93–637, Sec. 202, 88 Stat. 2183. Plaintiffs also ask this Court to declare the regulation a nullity as being in violation of their federally protected rights and in excess of the Commission's authority.

For reasons previously assigned by minute entry on May 12, 1976, this Court denied plaintiffs' motion for temporary injunctive relief, and thus the promulgated regulation, 16 C.F.R. § 433, went into effect on May 14, 1976.

During the hearing on plaintiffs' motion for a temporary restraining order, the defendants questioned this Court's jurisdiction to proceed in this matter, contending that subject matter jurisdiction to review this Federal Trade Commission regulation lies exclusively with the United States Court of Appeals. It is only the question of jurisdiction that is presently before the Court. For the following reasons it is the opinion of this Court that our subject matter jurisdiction is wanting, and that this suit should been instituted in the appropriate United States Court of Appeals as required by 15 U.S.C.A. § 57a(e)(1)(A), and § 57a(e)(5)(B).

On January 26, 1971, the Federal Trade Commission published notice that it was initiating "a proceeding for the promulgation of a trade regulation rule concerning the maintenance and retention of buyers' claims and defenses in retail consumer installment sales." All interested persons, including the consuming public and potentially affected businesses engaged in retail consumer credit sales, were given notice of their opportunity to present to the Commission their written and oral views, data, and arguments pertaining to the questioned trade practices. Federal Register, Vol. 36, No. 17, Tuesday, Jan. 26, 1971. Public hearings were held to receive interested parties' views in New York, N. Y. (June 7–9, 1971), Chicago, Ill. (July 12–14, 1971), and Washington, D. C. (Sept. 20–23, 1971).

On January 5, 1973, the Commission proposed a revised regulation and again solicited interested parties to submit data, views, and arguments to the Commission. Federal Register, Vol. 38, No. 3, Friday, Jan. 5, 1973.

On November 14, 1975, following receipt of additional written input from interested parties and the holding of further public hearings in Chicago, Ill. (May 7–9, 1973) and in Washington, D. C. (March 12–15, 1973) concerning the proposed revised version of 16 C.F.R. § 433, the Federal Trade Commission promulgated the regulation as revised, to be effective on May 14, 1976. Federal Register, Vol. 40, No. 223, Tuesday, Nov. 18, 1975. The rule so promulgated, and here complained of, provides, in pertinent part, as follows:

"§ 433.2 Preservation of Consumers' Claims and Defenses, Unfair or Deceptive Acts or Practices.

"In connection with any sale or lease of goods or services to consumers, in or affecting commerce as "commerce" is defined in the Federal Trade Commission Act, it is an unfair or deceptive act or practice within the meaning of Section 5 of that Act for a seller, directly or indirectly, to:

"(a) Take or receive a consumer credit contract which fails to contain the following provision in at least ten point, bold face, type:

"NOTICE

"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR

SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER. "or, (b) Accept, as full or partial payment for such sale or lease, the proceeds of any purchase money loan (as purchase money loan is defined herein), unless any consumer credit contract made in connection with such purchase money loan contains the following provision in at least ten point, bold face, type:

"NOTICE
"ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICE OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER." 16 C.F.R. § 433.2.

The effect of this rule is to eliminate the applicability of the holder-in-due-course defenses in cases of consumer credit transactions covered by the regulation.

In promulgating the new regulation, the Commission in its "Statement of Basis and Purpose" set forth a "history of the proceeding" and therein stated, *inter alia*:

"Accordingly, pursuant to Section 6(g) of the Federal Trade Commission Act *together with Section 202(c) of the Federal Trade Commission Improvements Act,* (*P.L. 93–637,* Jan. 4, 1975), the Commission herewith announces final adoption of its Trade Regulation Rule pertaining to the Preservation of Consumers' Claims and Defenses in credit-sale transactions." (Emphasis added.)

As seen by this statement, at the time of the Commission's promulgation of 16 C.F.R. § 433 on November 14, 1975, Congress had previously enacted the Magnuson-Moss Warranty—Federal Trade Commission Improvements Act, Public Law 93–637, which amended the Federal Trade Commission Act, 15 U.S.C.A. § 41 et seq., in several respects, and the Commission considered those amendments as at least a part of their authority for promulgating the "Seller's

Rule." The Magnuson-Moss Act was approved by the President and the amendments effected thereby became effective on January 4, 1975. The amending provisions of Title II of the Magnuson-Moss Act, which delineate the Commission's rule-making authority and provide for judicial review thereof, are found at 15 U.S.C.A. § 57a.

As correctly pointed out by the Commission, Section 202(b) of the Act amended Section 6(g) of the Federal Trade Commission Act, 15 U.S.C.A. § 46(g), to provide that:

"The Commission shall also have power

\* \* \* \* \* \*

"(g) From time to time to classify corporations and (*except as provided in section 57a(a)(2) of this title*) to make rules and regulations for the purpose of carrying out the provisions of sections 41 to 46 and 47 to 58 of this title." (Emphasis added.)

Section 57a(a)(2) of Title 15, Section 18(a)(2) of the Act, in turn provides in part that:

"The Commission shall have no authority under this chapter, other than its authority under this section [§ 57a(a)(1)(A) & (B)], to prescribe any rule with respect to unfair or deceptive acts or practices in or affecting commerce (within the meaning of section 45(a)(1) of this title). \* \* "

Thus Section 18(a)(2) of the Magnuson-Moss Act, 15 U.S.C.A. § 57a(a)(2), prospectively abolished the Commission's rule-making authority under Section 6(g) of the Federal Trade Commission Act from the effective date of the amendments, January 4, 1975.

Section 18(a)(1)(B) of the Act, 15 U.S.C.A. § 57 a(a)(1)(B), is the Commission's new authority for promulgating regulatory rules. It provides that:

"The Commission may prescribe—

\* \* \* \* \* \*

"rules which define with specificity acts or practices which are unfair or deceptive acts or practices in or affecting commerce (within the meaning of section 45(a)(1) of

this title). Rules under this subparagraph may include requirements prescribed for the purpose of preventing such acts or practices."

■ The Commission's position is that the "Seller's Rule," promulgated after the effective date of the Magnuson-Moss Act, is a rule "prescribed" under the authority of § 18(a)(1)(B) and is therefore judicially reviewable only in the courts of appeals, by the very terms of § 18(e)(5)(B) of the Act, 15 U.S.C.A. § 57a(e)(5)(B), which provides:

"The United States Courts of Appeal shall have exclusive jurisdiction of any action to obtain judicial review (other than in an enforcement proceeding) of a rule *prescribed under subsection (a)(1)(B) of this section,* if any district court of the United States would have had jurisdiction of such action but for this paragraph. Any such action shall be brought in the United States Court of Appeals for the District of Columbia circuit, or for any circuit which includes a judicial district in which the action could have been brought but for this subparagraph." (Emphasis added.)

This Court agrees with the Commission that while this particular regulation was "proposed" under § 6(g), prior to the amendments, it was "promulgated" or "prescribed" under § 18(a)(1)(B) as amended by the Magnuson-Moss Act on January 4, 1975, since on the date of promulgation, November 14, 1975, the Commission had no authority save that granted by § 18(a)(1) of the Act to make rules and regulations.

As correctly noted by the plaintiffs, the Magnuson-Moss Act contains a "savings provision," § 202(c)(1), which provides:

"The amendments made by subsections (a) and (b) of this section shall not affect the validity of any rule which was *promulgated* under section 6(g) of the Federal Trade Commission Act prior to the date of enactment of this section. Any *proposed* rule under section 6(g) of such Act with respect to which presentation of data, views, and arguments was substantially completed before such date *may be promulgated in the same manner* and

with the same validity *as such rule could have been promulgated had this section not been enacted."* (Emphasis added.)

There is, of course, no doubt but that the "Seller's Rule" was *proposed* by the Commission pursuant to authority granted it under Section 6(g) of the Act, and prior to the Magnuson-Moss amendments. There can also be no doubt but that on the effective date of the Magnuson-Moss amendments, January 4, 1975, the "presentation of data, views, and arguments was substantially completed" with respect to the proposed "Seller's Rule." A second round of public hearings had been held in Chicago, Illinois, and in Washington, D. C. in 1973, and some 7,362 pages of written comment concerning the proposed rule had been received in the course of those hearings. Thus, there is no doubt but that the Commission, in November of 1975, had authority under § 202(c)(1) of the Magnuson-Moss Act to *promulgate* the rule which had been *proposed* under § 6(g) of the Federal Trade Commission Act before its amendment by the Magnuson-Moss Act.

■ However, we do not view the "savings provision" § 202(c)(1), as broadly as plaintiffs would have us view it. A rule *proposed* under the old Section 6(g), but *promulgated* subsequent to the effective date of the Magnuson-Moss amendments, where the presentation of data, views, and arguments is substantially complete as of that date, may be so done only "in the same manner" as was available under § 6(g) prior to the amendments. We believe that this means that the pre-amendment rule-making procedures, which were substantially changed by the Magnuson-Moss Act, could still be employed in this very limited circumstance. The final adoption statement contained in the Commission's "Statement of Basis and Purpose" meant only that the rule's adoption was accomplished pursuant to the rule-making procedures theretofore available under § 6(g), prior to the amendments, as specifically allowed by the Magnuson-Moss "savings provision," § 202(c)(1). It did not mean that *promulgation* of the rule was accomplished under the authority

of § 6(g), since at the time of promulgation on November 14, 1975, the Commission's only rule-making authority was § 18(a)(1) of the Act, 15 U.S.C.A. § 57a(a)(1).

The "savings provision" does not affect the judicial review provision of the amendments, 15 U.S.C.A. § 57a(e)(5)(B), which provides for exclusive jurisdiction in the Courts of Appeals. Indeed, the House Report and the Senate Conference Report both indicate that judicial review of a Commission rule should lie exclusively with the Courts of Appeals. The House Report's discussion of the "savings provision" supports the conclusion that § 202(c)(1) does not extend to the judicial review provisions of the Magnuson-Moss amendments.

"Furthermore, any proposed rule under section 6(g) of the Act with respect to which presentation of data, views and arguments is substantially completed before the date of enactment may be promulgated in the same manner and with same validity as such rule would have been promulgated with had section 202 not been enacted. Of course, if any rule which was prescribed before the date of enactment of the legislation is amended after such date, such amendment shall be made in accord with the revised rule-making provisions of section 18 of the Federal Trade Commission Act as added by section 202." 1974 U.S. Code Congressional & Administrative News, p. 7730.

Even if we were to view the "Seller's Rule" as having been proposed *and* promulgated under the authority of § 6(g) of the FTC Act, rather than having been proposed under that section but promulgated under the intervening and superseding authority of § 18(a)(1)(B), there would still be solid policy grounds to hold that this Court has no jurisdiction. While we acknowledge the authority cited by plaintiffs that district court's possessed jurisdiction to review FTC regulations promulgated under § 6(g) prior to the amendments, *National Petroleum Refiners Association v. FTC,* 157 U.S.App.D.C. 83, 482 F.2d 672 (1973), rev'g, 340 F.Supp. 1343 (D.D.C.1972), cert. den., 415 U.S. 951, 94 S.Ct. 1475, 39 L.Ed.2d 567 (1974), such a

view today could lead to inconsistent results due to divergent avenues of judicial review. For example, a regulation promulgated under authority of the old § 6(g) would be reviewable by district courts under Section 10 of the Administrative Procedure Act, 5 U.S.C.A. § 706(2), while amendments thereto promulgated under § 18(a)(1)'s authority would only be reviewable in the courts of appeals. As put by the Commission in its memorandum, such "a bifurcated scheme of judicial review" would be very unwise, as a matter of judicial economy, and would be inconsistent with the Congressional intent and the sense of the statute. In short, nothing contained in the "savings provision," § 202(c)(1) of the Act, exempts the "Seller's Rule," proposed under § 6(g) but promulgated under authority of § 18(a)(1)(B) of the Act, as amended, from § 18(e)(5)(B)'s exclusive review provision.

For these reasons, the Court takes note of its lack of subject matter jurisdiction in this matter, and, therefore, this suit will be DISMISSED, at plaintiffs' cost. An order will be entered accordingly.